Statement of the Case.
NICHOLLS, J.
Plaintiffs, alleging themselves, to be an ordinary planting partnership, averred that they contracted with the defendant company, which owns and operates an irrigating pumping canal and pumping station known as the “Bonin Canal,” and furnishes water for irrigating rice crops at a fixed price and consideration of two sacks of rice per acre irrigated, the conditions of the contract being to the effect that it was to furnish them with sufficient water to irrigate 183 acres of land in 1902. That the ■defendant failed to perform its part of the contract. That under the contract, and with the full knowledge of defendant, petitioners plowed, prepared, and planted in due season 183 acres of land in rice, and repeatedly demanded the supply of water which defendant contracted to furnish, and which it failed to furnish. That by reason of said failure they made only two and one-half (2%) sacks per acre, -whereas they should have made ten (10) sacks per acre; and their loss was therefore thirteen hundred and forty-two sacks (1,342), worth three and <¡Vioo ($3.05) dollars per sack, which amounted to four thousand eight hundred and ninety-eight and sc/ioo ($4,898.30) dollars, and which they were entitled to recover from defendant, being the amount of damages sustained by them by reason of defendant’s failure to comply with the conditions of the contract, and this notwithstanding the repeated and urgent demands of petitioners.
That defendant had full knowledge of the fact that petitioners’ crop was suffering for lack of water, and they failed to comply with the contract in spite of the repeated demand made by plaintiffs. That defendant had made demands for the full amount of the water rent for the number of acres above stated, when-it was not entitled to any water rent at all.
In view of the premises, they prayed that there he judgment in their favor, and against defendant, in the sum of four thousand eight hundred and ninety-eight and so/ioo ($4,898.-30) dollars, with legal interest from judicial demand until paid.
Defendant answered. After pleading the general issue, it admitted having entered into a contract with plaintiffs to furnish them with water to irrigate the rice to he raised by them for a consideration of two sacks per acre, with the distinct agreement, understanding, and assurance, however, that the portion of plaintiffs’ land lying south of Honoré Romero’s land, designated as the “Leo Hebert Tract,” would be furnished with water solely at the risk of plaintiff's, who engaged and hound themselves to effect arrangement with the said Honoré Romero whereby the latter would permit the plaintiffs to utilize *113 a canal through the aforesaid Leo I-Iebert tract for the purpose of receiving water from your defendant, provided that plaintiffs would make certain repairs and changes and perform certain labor on the said canal, mutually agreed upon by the said plaintiffs and the said Honoré Romero, all of which plaintiffs failed to do, resulting in their being without water on that particular tract for a short time through no fault of defendant, who, as aforesaid, entered into the contract as regards this tract through the representations of the said plaintiffs, which representations defendant averred were the sole inducement for it to undertake the irrigation of the said land, and that these representations as aforesaid were not borne out by the said plaintiffs.
It specially denied, however, that plaintiffs’ rice crop on the said tract suffered materially from any want of water, and averred that any loss or shortage therein was not due to want of water, but to other causes. That under the distinct understanding, as aforesaid, that it would not be-in any wise liable for failure to properly irrigate the aforesaid tract lying south of the Leo Hebert tract, which tract is designated for accuracy as the “New Tract,” and that, in undertaking to furnish plaintiffs with water for the said new tract, plaintiffs assumed all risks and undertook all the responsibility of providing a proper conduit through the said Leo Hebert tract, as per agreement represented to have been made between them and the said H. Romero, it was agreed to furnish them with water to irrigate the rice crop for a consideration, as aforesaid, of two sacks per acre.
It further denied that plaintiffs planted the amount of rice alleged in their petition, and it averred that the true acreage planted in rice consisted of 40 acres or thereabouts, on what it designated as the “New Tract,” and 80 acres or thereabouts on the land in the plaintiffs’ field. That, in so far as it was concerned, ample water was furnished to the plaintiffs for irrigating purposes, and, if plaintiffs’ crop suffered in any wise, it was due solely through their negligence, want of skill, inattention, inactivity, and defective levees, and that defendant was in no wise responsible for it. It more particularly averred that plaintiffs had employed, to receive and distribute the water furnished, a small incompetent negro boy of tender years, who could not and did not give the water furnished them a proper and intelligent attention, and that tiffs fact contributed directly to any loss that they may have sustained. Further, that the levees and ditches constructed by plaintiffs to retain and conduct the water furnished them were never in proper condition, and were in a great measure worthless and of no avail, which fact also contributed directly to any loss that might have been sustained. That all of the land planted in rice by the said plaintiffs, save the “New Tract,” had been under rice cultivation for many years, and the same was full of weeds, indigo, red rice, etc., and practically useless for rice cultivation. It specially denied that it did not fulfill its contract in every respect, and that plaintiffs suffered in any wise for any fault or dereliction on its part; and, further, it specially denied that any loss that might have been sustained by plaintiffs was attributable to its failing to furnish a sufficiency of water for irrigating purposes. It averred that, if plaintiffs at any time failed to receive sufficient water on the new tract, this fact was solely due to plaintiffs’ failing to comply with the agreement reached between them and H. Romero as regarded the method by which they would obtain water through the Leo Hebert tract, and their failure to perform the necessary work for the purpose of so receiving the water, all of which they had agreed and assured defendant they would do before defendant undertook to furnish them water for said tract, and that accordingly the loss, if any, was due to their own conduct and negligence. *115 That the rice made by plaintiffs was of the most inferior grade for the causes above enumerated, and not worth more than, and did not bring more than, $2.50 per barrel.
Assuming the position of plaintiffs in re-convention, defendant averred that, having performed in every respect its obligations to furnish water to plaintiffs, it was entitled to receive the toll of two sacks per acre as agreed upon, and, in default of that, the value of the same, or the sum of $1.50 per sack, aggregating the sum of -, which demand is hereby urged by way of reconvention.
It averred that its failure to assert its demand earlier was due to the fact that the plaintiffs had some portion and were about to harvest some other portion of their crop through the plaintiff Devezin Romero’s premises, and assurances were made to the agent and' employes of defendant company, who had been sent out to demand the toll agreed upon, the plaintiffs would, as soon as they had harvested a sufficient quantity, deliver to them the amount of toll due them, but, instead of so doing, the plaintiffs surreptitiously harvested and shipped all of their rice, and thereupon filed the instant suit against it merely and solely for the purpose of giving color of good faith to their conduct in the premises. It prayed that plaintiffs’ suit be dismissed, and the prayer denied at their costs, and that, as plaintiff in reconvention, it have and recover judgment against O. P. and Devezin Romero in solido for the full sum of-.
Suggesting that the contract upon which .the suit was predicated was in writing, signed by defendant, and accepted by plaintiffs, and that the original, of which they had no copy,' was in the hands of the defendant, and that they had called upon it to produce it; that defendant admitted in its answer the existence of the contract in writing, at the same time adding that same was made subject to certain conditions, which they denied; that the contract was the best and only evidence of its contents, and should be produced; that the fact was, and the contract would show, that it was one binding defendant absolutely to the simple condition of furnishing a sufficient supply of water upon plaintiffs’ lands to make a rice crop, and binding plaintiffs to the payment of two sacks of rice per acre; that defendant had possession of the written contract, and had been called upon to produce it, which it refused to do, to their injury — plaintiffs applied to the court and obtained from it a rule on defendant to show cause why it should not produce the written contract, praying that, in default so to do, it be taken as confessed.
Defendant, in answer to the rule, appeared. It averred that no contract was ever entered into by either of the plaintiffs as a representative of the partnership alleged regarding the irrigation of their crops of rice, but the plaintiff J. D. Romero and itself entered into a contract whereby it agreed to irrigate the rice to be raised at the Buena Vista Plantation, with the contemporaneous parol agreement and contract that, the said J. D. Romero should do the things alleged in defendant’s answer with reference to the H. Romero Canal. That a contract in writing reciting the agreement on the part of defendant and that on the part of J. D. Romero as regards irrigating the rice was presented to the said J. D. Romero, who signed the same, and then announced to the agent of defendant that O. P. Romero was his associate in the cultivation of the crop. That thereupon its agent retained the said document, stating that, this being the case, it was necessary, and defendant desired for its consummation that O. P. Romero should sign the same. That thereafter it requested the said O. P. Romero to sign the same, which he refused to do. That by parol agreement and acquiescence it thereafter undertook to furnish the necessary water *117 to the parties plaintiff, under the conditions recited, for two sacks, as alleged, per acre. That accordingly the written contract was never effected, and that the one signed hy J. D. Romero could not at this time be produced, by reason of the same being lost or mislaid.
It prayed that the order for the writ in question be set aside, and the prayer of plaintiffs be denied.
The court,' on trial of the rule, declared that the answer therein showed there was a written contract in their possession, but which had been lost or destroyed, and said answer setting forth stipulations and terms which were not alleged to be embodied in the contract, but to arise from subsequent agreements to the contract applied for, and these stipulations not being set forth as being a part of the original contract sought to be produced, it therefore ordered that the terms of the contract as set forth in plaintiffs’ be accepted as pro confessus.
Defendant excepted to this ruling, on the grounds that, in answer to the order for a writ of subpoena duces tecum, they denied specifically the existence of any written, contract with the parties plaintiff, and they further denied that any written contract was ever executed or signed between the parties plaintiffs, as a partnership, and the parties defendant, and that the court, without permitting the parties defendant to prove the verity vel non of the showing made in answer to the order for the writ, summarily order the facts recited as regards the terms of the contract alleged to be taken pro confessus.
Defendant annexed to the bill its answer to the rule.
After trial, the district court rendered judgment in favor of the plaintiffs, against the defendant, for $2,522.50, less a credit of $290. The amount of the judgment was subsequently reduced to $1,899, with legal interest from ISth December, 1903. Defendant appealed. Plaintiffs ask that judgment be amended so as to give them judgment for the full amount claimed.
Opinion.
The plaintiffs, if not the owners, are at all events cultivating in rice two tracts of land in the parish of Iberia. Of these tracts one is referred to as the “New Tract”; the first contained between 100 and 150, the second about 60, acres. Under the testimony the two tracts seem to be separated from each other by land of Honoré Romero, and to be more or less cut into by other tracts. We are unable to speak of them more positively than we do, for the reason that neither of the parties has furnished us with maps or diagrams showing the locality of the different tracts, or of the different canals and ditches, which enter as factors in the determination of this case. The parties assume, when the witnesses speak of the land of H. Romero, of Landry and Durocher, or of this or that leading canal or ditch, or one parallel to it or branching out from it, that we would at once understand the exact situation. That is a great mistake. The parties and their attorneys, the witnesses, and the judge himself may do so, but we do not. It is further erroneously assumed that this court has knowledge of the method of rice cultivation and irrigation, as to how, when, and where, and to whom, the water is to be delivered, and as to how, when, and where the water is to be distributed and the crop irrigated. It is especially necessary, in an action of this character, that we should be given exact information and details as to the matters and things which have given rise to the controversy. The name “Buena Vista Plantation” is used repeatedly in speaking of plaintiffs’ property, but whether this name is that given, to both tracts, or to the larger of the two, we do not know. The larger tract has been cultivated in rice for three or four years, the *119 smaller one only one year. The plaintiffs in their petition set out that they entered into a contract with the defendant, an irrigating company irrigating rice crops at a fixed price and consideration of two sacks of rice per acre irrigated, the condition of the contract being to the effect that it was to furnish them with sufficient water to irrigate 183 acres of land, and that it failed to perform its part of the contract, and it is liable -in damages to them for so doing. No mention is made in the .petition that the contract referred to was in writing, or that the writing evidencing the contract was then in the possession of the defendant. The details of the contract are not set out in the pleadings. The defendant answered, pleading the general issue, subsequently admitting that it had made a contract with the plaintiffs, but not admitting that the contract so admitted was the one declared on by the plaintiffs, or that it was in writing. On the day that the case was called for trial the plaintiffs suggested to the court that the contract upon which they declared was a contract, in writing, signed by defendant, and accepted by them; that the original, of which they had no copy, was in the hands of the defendant; that the defendant in his answer admitted its existence, at the same time adding that same was made subject to certain conditions, which they denied; that the contract was the best, and only evidence of the contents, and should be produced; that .the fact was, and the contract would show, if produced, that it was one binding defendant absolutely to the simple condition of furnishing a sufficient supply of water upon plaintiffs’ lands to make a rice crop, and binding plaintiffs to the payment of two sacks of rice per acre; that the defendant had possession of the written contract, and had been called on to produce it, which it refused to do, to their prejudice. Upon these suggestions the court ordered, under a subpcena duces tecum, the defendant to produce the writing. Upon the same day the defendant made a return, in which it admitted for the first time that it had a writing of any kind in its possession. It averred, however, that it could not produce the writing.
The court, without a traverse by the plaintiffs of the truthfulness of this statement, and without any evidence having been taken, ordered that the terms of the contract as set forth in plaintiffs’ petition be taken as confessed, and the ease went to judgment on that theory.
The court erred in its ruling. The plaintiffs, as such, were bound to establish affirmatively by evidence, not only that they had a contract with the defendant, but also to establish by evidence what the terms and conditions of that contract were. Plaintiffs knew as well as the defendant did whether there had been a written contract between the parties, and are supposed to have known as well as the defendant did what the terms and conditions of the contract were. If true it was, as defendant declared without contradiction from the plaintiffs, that the writing was lost or mislaid, the plaintiffs were bound to establish by secondary evidence, either through their own testimony, or that of the defendant, or that of third parties, what the contents of the writing were. By effect of the judge’s ruling, the plaintiffs were permitted to establish the contract which they declared upon, and its terms and conditions, without any evidence, and solely upon the supposed confession of the defendant, in the face of the averments which it had made directly negativing plaintiffs’ allegations. We do not think the court was justified in taking plaintiffs’ allegations for confessed without a traverse of defendant’s declarations of loss. Chaffe, Powell & West v. Mackenzie, 43 La. Ann. 10C8, 10 South. 369. If the writing was lost, defendant should not be made, as a penalty for the loss, to admit plaintiffs’ case.
If the defendant’s claim that the writing *121 he had was not a contract with the plaintiffs’ partnership, but only a contract with J. D. Romero, and was not a contract with the partnership unless and until signed by the second partner, .and that that contract was never effected, was unfounded; if the defendant would not be authorized to sustain by evidence the allegations which it made, that, after the refusal of O. P. Romero to sign the writing, it had subsequently, by parol agreement and acquiescence, undertaken to furnish the necessary water to the parties upon the conditions it recited — the proper course was to have waited until the defendant offered its evidence, when the court would admit or reject it subject to exception. It should not have anticipated and ruled upon the admissibility of evidence before it was offered. Defendant was placed at a disadvantage on the trial of the case. Its decision involves no questions of law. The issues presented are purely of fact. The testimony is conflicting to the highest degree. The claim for loss to a rice crop, based upon insufficiency in the water supplied for irrigation, is an exceedingly difficult claim to establish, in consequence of the great number of factors which enter into the causes for the failure of such a crop, and the difficulty of ascertaining the extent of loss which is to be assigned to each cause contributing to it, many of which are attributable to the fault of neither party. We have examined the evidence in this case with the greatest care, and we are unable to agree with the district court in its conclusions.
Assuming that the defendant may have failed in some respects in the full performance of its duty, we would not be justified in declaring, in this particular case, that out for such failure the plaintiffs would have made an average crop of rice which could have been disposed of at the average price, obtainable for fairly good rice.
We have not found that plaintiffs have made their claim as reasonably certain as. the law exacts. We cannot render judgment against the defendant upon such an arbitrary basis as an affirmance of the judgment would require us to do.
We are of the opinion that justice requires that the judgment of the district court should be set aside in this case, and should be remanded to the district court for further proceedings according to law, and it is accordingly hereby so ordered and adjudged and decreed; plaintiffs to pay the costs of the appeal.